

U.S. Department of Justice

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*　　　　　　　　　　*973-645-2700*
*Newark, New Jersey 07102*

January 27, 2026

The Honorable Esther Salas
United States District Judge
Martin Luther King Jr., Bldg.
　　and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

　　　　Re:　　*United States v. Welwart, et al.*, Crim. No. 23-726

Dear Judge Salas:

　　Defendants have filed a motion challenging the legality of the new leadership structure of the United States Attorney's Office for the District of New Jersey. Consistent with the Designation Order issued in *United States v. Naviwala*, Designation of District Judge to Hold a District Court Within the Circuit, Crim. No. 24-99, Dkt. No. 270 (Dec. 18, 2025), and the Consolidation Orders issued in *Naviwala*, Order, Dkt. No. 274 (Dec. 22, 2025) and *United States v. Torres*, Order, Crim. No. 24-378, Dkt. No. 94 (Dec. 22, 2025), the Government requests that this motion be transferred to Chief Judge Brann for disposition.

　　The Government further requests that the Court issue a scheduling order setting a schedule for briefing of routine pretrial motions in this case and setting a new trial date. The Government respectfully submits that there is no basis for a stay of all proceedings while the authority issue is litigated. This case was indicted in September 2023, long before the current authority structure at the U.S. Attorney's Office for the District of New Jersey came into place in December 2025, and further delay would contravene the interests of the Government, Defendants, the public health insurance program that is their victim, and the public in the orderly disposition of this criminal case.

　　In other District of New Jersey cases, Chief Judge Brann has held that during the pendency of authority challenges, pretrial matters that "do not require immediate adversarial resolution . . . may continue" and are "better left to the Judge with the greatest investment in the matter," which is Your Honor.  *See*

*United States v. Matthaei*, Order, Crim. No. 24-412, Dkt. No. 60 (Nov. 10, 2025) (returning *Matthaei* to Judge Castner for pretrial proceedings pending resolution of the authority issue, citing Order in *United States v. Cifelli*, Crim. No. 22-172 (D.N.J. Oct. 20, 2025), Dkt. No. 66.). So the parties can and should proceed to brief pretrial motions, set a scheduling order running to a new trial date, and engage in pretrial preparation including exchange of expert disclosures, exchange of exhibits, filing of in limine motions, and other pretrial matters.

      This case, indicted over 2 years ago, has made no progress toward trial due to the litigation strategy of the defendants, and further delay in pretrial motions practice and in setting a trial date would only exacerbate the issues associated with this delay. If adversarial resolution is required before the expected authority challenges are resolved, Your Honor could "revisit the issue of continuance" at that juncture. *See United States v. Cifelli, et al.*, Order, Crim. No. 22-172, Dkt. No. 66 (Oct. 20, 2025) (declining to delay a trial date). The Government encloses a proposed order for the Court's consideration and respectfully asks the Court to issue a briefing schedule for pretrial motions and to set a new trial date. Upon receipt of the new trial date, the Government will confer with defense counsel to prepare a full scheduling order.

      Respectfully submitted,

      TODD BLANCHE
      U.S. Deputy Attorney General

      PHILIP LAMPARELLO
      Senior Counsel

      */s/ Katherine M. Romano*
      Katherine M. Romano
      Jake A. Nasar
      Assistant United States Attorneys

cc: Counsel of record (via ECF)